IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MANCEL SPRAYBERRY | § | |
| | § | |
| v. | § | Case No. 2:22-CV-0116-JRG-RSP |
| | § | |
| ROGER W. ANDERSON, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court are two motions: (1) Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Roger W. Anderson, Dkt. No. 5, and (2) Motion to Dismiss filed by Darah Lyn Eckert. Dkt. No. 7. Plaintiff Mancel Sprayberry has failed to oppose the motions.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, [that] 'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007)).

Both Defendants Eckert and Anderson, in their respective motions, argue that Sprayberry has failed to allege any facts that state a cause of action. Dkt. No. 7 at 4-5; Dkt. No. 5 at 3-4. In the Complaint, Sprayberry alleges that "Roger Anderson got Darah Eckert to signed [sic] over million dollar check to Roger Anderson and John Sprayberry." Dkt. No. 1 at ECF# 4. Additionally, the Complaint also identifies that the Sprayberry's claims relate to an earlier case before this Court—*Davis v. International Paper Company, et al.*, No. 2:18-cv-00128-JRG—which was dismissed with prejudice on May 23, 2019.

The Court finds that the Complaint lacks sufficient factual matter to state a claim to relief. Furthermore, the Court finds that any claims related to the *Davis* case are barred by the two-year

1

statute of limitations. Therefore, the Court recommends that both motions (Dkt. Nos. 5, 7) be **GRANTED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 22nd day of August, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE